Cox, J.,
dissenting from a portion of the decision, said: “ The majority of the court hold, that the canvassing board can not reject the returns, though they may be satisfied that there was gross fraud on the returns as made to the clerk.” From this portion of the decision I dissent. It is charged in the petition that certain papers purporting to be returns are altered, forged and spurious, and do not represent the votes cast at said election, and that said facts are evidenced by .said papers.
If this be so, these are not legal returns, and it would be the duty of the canvassers to reject and not count the votes on such a paper.
It is claimed that to do this would be going behind the returns, and deciding on the validity of the returns, which is interdicted by statute. But I do not so conceive it. Examining a return to see if it be a legal return, having the substance of a genuine return, is not going behind the return, but is simply examining into a return and rejecting a false return for a true one.
If a paper is presented as a return, and there is a- question, as to whether it is a return or not, they must decide that question from what appears npon the face of the paper itself. [McCrary on. Elections, section 82.] They may judge whether the returns are in due form [25 Ill., 328], and they must act correctly. Not to act correctly is not to perform duty. [38 O. S.] But. it is said they can not “ decide as to the validity of the returns.” What is the meaning of the validity of the re-" *154 turns ? It certainly can not be that they shall canvass any paper presented to them and certify it as a return.'
In commenting on this section of the statute, the supreme court, in Phelps v. Schroeder, [26 O. S., 554], say: “The justices and clerk are not clothed with the, power of detérmining the question of illegality or fraud in the election. Where, as in this instance, the poll-book' on its face was in form and substance regular, the only duty was “to abstract and certify the vote.”
The converse of this last proposition must be true, that where the poll-book on its face was not in form and substance regular, it was their duty not to count.
The true meaning of the statute in the light of this decision is that the cauvassers can not go back of the returns to ascertain whether the election was illegal or not; but they can ,and must decide whether the paper purporting to be a return, is the genuine and legal return of the officers of election.
An analogous case was decided in 65 Missouri. State ex rel. Metcalf v. Garsche, page 480. It was held that in a proceeding by mandamus, to compel a board of canvassers to count a- vote as returned by the officers of election, when it appears that the alteration has been made in the return of the vote, but the canvassers do not know whether it was made before or after the return was delivered to them by the officers of the election, the circuit court will inquire and determine what the return as delivered actually was, and will compel them to-make the count accordingly. In this case there had been an alteration in the figures of the return, and the canvassers answered that they did not know whether the figure had been altered before or after the return came to them, and so counted it as they found it. The circuit court, on mandamus, held that the court could take up the investigation and make the inquiry for them; and having ascertained for them the right, would issue the writ against them; and the court said, as the canvassers had no judicial eye, the court, through the medium of testimony taken for that purpose, will enable them to see, and advise them what to do; and the court found that the return had been altered after it came into the hands of the canvassers, and directed that they should count the true return *155 and reject the forged one. This decision was sustained by the* supreme court.
Thomas McDougall, Drausin Wulsin, W. M. Bateman and E. F. Noyes, for relators.
John F. Follett and Isaac M. Jordan, contra.
I can not see that there is any difference in the forgery or alteration of a return before or after it came into the hand of the clerk. Suppose a judge of election, intrusted by his fellows with the carrying of the true returns to the clerk, or any other person, should forge a false one and deposit it with the' clerk as a substitute for the true. Can there be any reason why this should be counted by the canvassers, when, if the same person should get possession of the true one, after it got into the possession of the clerk, and alter it, the court would reject it ? There is no safe rule except to require the canvassers to see that the true return is before them when they meet for the canvass; but if, upon its face, it bears the evidence of forgery or alteration, to reject it; and if they do not, or are unable, or will not see the forgery, then the court should lend the judicial eye to detect the forgery, and, if detected, order the canvassers to reject it.